579 So.2d 525 (1991)
STATE of Louisiana in the Interest of D.M.G.
No. 90-CA-1080.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
*526 Harry F. Connick, Dist. Atty., Jan E. Sutton, Ray Benitez, Asst. Dist. Attys., New Orleans, for appellee.
Dwight Doskey, Cherbonnier & Doskey, Harvey, for appellant.
Before GARRISON, BARRY and BECKER, JJ.
BECKER, Judge.
On April 3, 1990, D.M.G.[1] was adjudicated a child in need of supervision in the Juvenile Court for the Parish of Orleans. The petition filed by the District Attorney alleged that D.M.G. and S.B., both juveniles, were delinquent children in that they committed delinquent acts of being in possession of stolen property in violation of L.S.A.-R.S. 14:69 and resisting arrest, L.S. A.-R.S. 14:108. They were both tried and S.B. was found to be a delinquent child while D.M.G. was found to be a child in need of supervision. (CINS). S.B. was committed to the Department of Public Safety and Corrections for a period of eighteen months.[2] D.M.G. was placed on probation for a period of two years with certain conditions of probation which included restitution to the victim for 50% of the damages caused to the victim's vehicle. D.M.C. has appealed the adjudication and disposition alleging three assignments of error.

FACTS
While on routine patrol, New Orleans Police Officers Anthony Haywood and Gus Betheau observed a blue van occupied by four male subjects run a red light at the intersection of St. Claude and Poland Avenue. The officers, employing their lights and siren gave chase, during which the van ran another red light and two stop signs before coming to a halt. The four male subjects then left the van and fled on foot. With the assistance of other officers and a K-9 unit three of the suspects, including D.M.G., were arrested in the vicinity and identified as passengers in the van by Officers Haywood and Betheau. An inspection of the van revealed the sliding right door window had been broken and a plastic sheet taped over the broken window. There were pieces of glass strewn over the front passenger seat and floorboard and between the front and middle seats. The *527 steering column had been broken allowing the starting mechanism to be utilized.
The victim testified he had given no one permission to use his van, that the value was approximately $5,000.00 and the damage amounted to $500.00.
S.B. and Cornelius Ashmore, an adult co-defendant, testified in behalf of the defense that one Stewart DeQuire was the driver of the van, that S.B. was the first passenger to be picked up by DeQuire and occupied the right front passenger seat. Ashmore entered the vehicle second and occupied the middle passenger seat and D.M.G. was the third occupant who sat on the middle seat behind the driver. S.B. and Ashmore further testified they were all picked up separately and had no knowledge the van had been stolen until DeQuire informed them of that fact during the chase. D.M.G. did not testify on his own behalf.

ASSIGNMENTS OF ERROR 1 & 2
Because the first two assignments of error are interrelated we consider them together.
It is first alleged that there was insufficient evidence to adjudicate D.M.G. either a delinquent child or a CINS. It is then alleged that since the trial court found that the State failed to prove D.M.G. committed the acts in question beyond a reasonable doubt, the court erred in finding him to be a CINS by a preponderance of the evidence.
In essence, counsel argues that once a petition for delinquency is filed, either the State must prove the juvenile committed the acts in question beyond a reasonable doubt or the court must dismiss the petition and discharge the child. We disagree. The Louisiana Code of Juvenile Procedure Article 76 reads as follows:
Adjudication following hearing
A. Following the adjudication hearing, the court shall immediately declare whether the evidence warrants a requested adjudication. In exceptional circumstances, the court may take the matter under advisement.
B. If a petition request that the child be adjudicated a delinquent, the court may adjudicate the child in need of supervision if the court finds that the evidence warrants such adjudication.
C. If the court finds that the evidence does not warrant any requested or authorized adjudication, it shall dismiss the petition.
Although there is no jurisprudence directly on point, we interpret this article as not only giving Juvenile Court the discretion to find a juvenile a CINS even though the State proves its case beyond a reasonable doubt, but also grants the court the authority to find a juvenile a CINS where the State fails in its original burden but where "the evidence warrants", that is, where the preponderance of evidence indicates that the juvenile is a CINS.
The appellate standard of review, when a petition for delinquency is filed and a determination of delinquency is found, is the Jackson v. Virginia,[3] standard of "in the light most favorable to the prosecution". State in the Interest of Rowland, 509 So.2d 779 (La.App. 2nd Cir.1987). However, when a petition for delinquency is filed but a determination of a CINS is found, the more rational standard of review would be that imposed by Arceneaux v. Domingue[4] of clearly wrong or manifestly erroneous. We reach this conclusion based upon La.C.J.P. article 71 which mandates that nondelinquent proceedings be conducted according to the rules of Civil Procedure and article 73 which establishes the burden of proof in such cases to be by a preponderance of evidence.
Having so decided, we find from the evidence presented that the judgment of the trial court was not clearly wrong. La. C.J.P. Article 13(13) provides:
"Child in need of supervision" means a child who needs care or rehabilitation because:

*528 (e) His occupation, conduct, environment or associations are injurious to his welfare; or
(f) He has committed an offense applicable only to children.
The testimony reveals D.M.G. was alone on the streets of the City at 2:00 a.m. on a school night until he was picked up by an individual driving a stolen van. He knew and associated with S.B. who had a lengthy arrest record and who had recently been placed on probation by the Juvenile Court for possession of a stolen car. D.M.G. was involved in a high speed chase and fled from the police after the van had stopped. All of these facts fit within the broad definition of a CINS.
Therefore, we find these assignments of error to be meritless.

ASSIGNMENT OF ERROR 3
In his third assignment of error, appellant complains that the trial court erred by imposing, as a condition of probation, that he and his mother make partial restitution to the victim even though he was not found guilty of being a delinquent beyond a reasonable doubt.
As we have previously stated in our discussion of assignments 1 and 2, the finding of a CINS by a preponderance of the evidence was proper. Once such a finding has been made, the court has at its disposal a number of alternative dispositions it can make, including placing the child on probation under such terms and conditions as are deemed to be in the best interest of the child and the public. La.C.J.P. article 84(2). Ordering a child to make partial restitution to the victim not only serves the public but is also in the interest of the child by teaching him that he will be held not only morally but also financially responsible for his acts.
However, the trial court not only ordered D.M.G. to make restitution to the victim for 50% of the damages but also included D.M.G.'s mother in that order. The mother was not a formal party to these proceedings and she cannot be held financially responsible. We therefore must delete that portion of the judgment which orders D.M.G.'s mother to make restitution to the victim. With that amendment, we find no merit in this assignment of error.
Accordingly, the judgment of the trial court is amended to delete D.M.G.'s mother therefrom and as amended the judgment and sentence of the trial court is affirmed.
AMENDED AND AS AMENDED AFFIRMED.
NOTES
[1] In order to maintain confidentiality we have substituted initials in lieu of the juveniles' names.
[2] S.B. did not appeal and is not a party to these proceedings.
[3] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[4] 365 So.2d 1330 (La.1978).