MADELEINE M. LANDRIEU, Judge.
| Nile juvenile, T.W., appeals the judgment of the Juvenile Court for the Parish of Orleans, adjudicating him delinquent of simple robbery. For the reasons set forth below, we affirm the adjudication and disposition.
FACTS AND PROCEEDINGS BELOW
On May 7, 2013, while walking home from Walgreens, C.C. was the victim of a robbery. C.C. testified that after he exited Walgreens, he noticed a group of three boys following him. One of the boys, later identified as T.W., had his shirt pulled up to cover part of his face and began attacking C.C. and demanding his shoes and cell phone. During the struggle, a dollar bill fell out of C.C.’s pocket. At that time, C.C. started running away from the scene. The perpetrator picked up the dollar bill from the ground. C.C. testified that one of the boys was recording the attack and the other boy was eating. D.J., the victim’s mother, testified that when C.C. returned home, his eyes were bloodshot and his nose was bloody.
Detective James Kish testified that he met with C.C. and his mother a few hours after the incident and observed the injuries to C.C.’s face, including minor [{¡swelling to his left eye, a bloody nose, and obvious signs of blood leaking from his nose to his clothing. After he obtained vague descriptions of the boys, Detective Kish prepared photo lineups for an identification procedure that was conducted by *825 another officer. C.C. did not identify anyone in the photo lineups. Notably, a photograph of T.W. was not included in these lineups.
On May 12, 2013, while walking with his mother, C.C. passed T.W. sitting on the porch of a house. C.C. recognized T.W. as the boy who had attacked him. D.J. testified that she told C.C. to go back to their house, took a picture on her cellphone of T.W., and called 911. Officer Brandon Coleman testified that when he arrived at the scene, he spoke to D.J. and subsequently arrested T.W. for simple robbery. After T.W. was detained, C.C. identified him as the perpetrator.
On May 14, 2013, T.W. was charged by delinquency petition with one count of simple robbery, a violation of Louisiana Revised Statute 14:65. On May 23, 2013, T.W. appeared in court and entered a denial to the allegations in the petition. The adjudication hearing was scheduled for July 22, 2013. At a pre-trial hearing on July 15, 2013, the judge, on her own motion, continued the adjudication hearing to August 26, 2013. T.W. objected to the hearing being held outside of the ninety-day time limitation of Louisiana Children’s Code article 877(B). On August 26, 2013, the judge adjudicated T.W. as delinquent of simple robbery. The court set the date of October 10, 2013 for the disposition hearing and ordered a pre-investigation report and victim impact statement. At the disposition hearing, the | .judge sentenced T.W. to a suspended sentence of three years and three years of active probation. This appeal follows.
ASSIGNMENTS OF ERROR
T.W. asserts the following assignments of error: the evidence was insufficient to prove all of the elements of simple robbery; the judge abused her discretion by finding good cause to delay the adjudication hearing beyond the time limitation set forth in Louisiana Children Code article 877(B); the judge abused her discretion in setting the disposition hearing beyond the time limitation set for in Louisiana Children Code article 892; and he was denied effective assistance of counsel under the Sixth Amendment.
DISCUSSION
I. Sufficiency of the Evidence
In this assignment of error, T.W. contends that the trial judge erred in finding that the State established the elements for adjudicating him delinquent of simple robbery beyond a reasonable doubt. This court recently reiterated an appellate court’s standard of review in State in the Interest of J.J., 2013-0548, pp. 2-3 (La.App. 4 Cir. 9/25/13), 125 So.3d 1248, 1250:
In order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch.C. art. 883. The standard for the State’s burden of proof in a juvenile delinquency proceeding is “no less strenuous then the standard of proof required in a criminal proceedings against an adult.” State in the Interest of J.W., p. 3 (La.App. 4 Cir. 6/6/12), 95 So.3d 1181, 1184. As a court of review, we grant great deference to the juvenile court’s factual findings, credibility determinations, and assessment of witness testimony. State 4ex rel. W.B., 2008-1458, p. 1 (La.App. 4 Cir. 4/22/09), 11 So.3d 60, 61.
In evaluating the sufficiency of evidence to support a conviction an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in the interest of T.E., 2000-1810, p. 4 (La.App. 4 Cir. 4/11/01), 787 So.2d 414, 417, citing Jackson v. *826 Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The Jackson standard of review is applicable in juvenile delinquency cases. Id.
T.W. first argues that the State did not meet its burden of identifying him as the perpetrator.[1] We disagree. In order to carry its burden of proof beyond a reasonable doubt, the State is required to negate any reasonable probability of mis-identification. State v. Smith, 430 So.2d 31, 45 (La.1983). The positive identification by one witness is sufficient to support a conviction. See State v. Mussall, 523 So.2d 1305, 1311 (La.1988). The credibility of a witness is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness, and credibility will not be reweighed on appeal. State v. Vessell, 450 So.2d 938, 943 (La.1984).
In adjudicating T.W. delinquent of simple robbery, the trial court chose to believe the witnesses’ testimony regarding the identification of T.W. as the perpetrator. C.C. did not identify anyone as the perpetrator from a photo line-up that did not include T.W.’s photograph. However, he later identified T.W. as the perpetrator, without provocation, when he spotted T.W. sitting on a porch. C.C. also identified T.W. as the perpetrator during an identification procedure with Officer Coleman and again in open court. The victim’s identification of T.W. 1 .-.before and during the trial was sufficient for the State to meet its burden in this case.
T.W. next contends that the State failed to prove that anything of value was taken from C.C. or from his immediate control by force or intimidation. Simple robbery is “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.” La. R.S. 14:65(A). The property must be sufficiently under the victim’s control that, absent force or intimidation, the victim could have prevented the taking. State v. Thomas, 447 So.2d 1053, 1055 (La.1984).
Here, the testimony is clear that a one dollar bill fell out of C.C.’s pocket and was picked up by the perpetrator. T.W. contends that because C.C. ran away, the dollar bill was abandoned, and therefore, was not in his possession or immediate control. We disagree. The record supports the trial court’s finding that the dollar fell out of C.C.’s pocket during the attack and that it was still in his immediate control. C.C. fled in order to escape his attacker, not to abandon his money. We find this assignment of error to be without merit.
II. Timeliness of Adjudication Hearing
In this assignment of error, T.W. contends that the trial court erred in finding good cause to continue the adjudication hearing outside of the time limitations set forth in Louisiana Children’s Code article 877(B). We disagree.
| Louisiana Children’s Code article 877(B) provides, “[i]f the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.” Upon a showing of good cause, the court may extend the time period. La. Ch.Code art. 877(D). In the event that the hearing is not timely commenced, upon the child’s motion, the court shall dismiss the petition. La. Ch.Code art. 877(C). The trial court is vested with “broad discretion” in determining good cause. State in the Interest *827 of RG., 2006-1625 (La.App. 4 Cir. 7/18/07), 963 So.2d 475, 477.
On May 23, 2013, T.W. appeared before the court to answer the petition. He denied all of the allegations. An adjudication hearing was scheduled for July 22, 2013. At a pre-trial conference on July 15, 2013, the court continued the adjudication hearing until August 26, 2013, which was three days outside of the ninety-day time limitation. In finding good cause to extend the deadline, the court stated “it does not appear that a signed judgment is in any file, nor has the district attorney or the defense lawyer received a copy of the signed judgment.” The judge also said that it was unlikely that the clerk’s office had received the missing judgment and, therefore, the clerk’s office did not issue subpoenas to the witnesses as the May 23, 2013 judgment instructed. T.W. objected to the new trial date.
This court has previously held that such “administrative errors” constitute “good cause” to extend the timeline of the adjudication hearing. In State in the Interest of Franklin, 95-0423 (La.App. 4 Cir. 7/26/95), 659 So.2d 537, writ denied, 95-2162 (La.11/17/95), 663 So.2d 711, this court found that the trial 17court had good cause to, on its own motion, extend the time limitations of article 877 because the original record had been misplaced in the courthouse. In State in the Interest of R.D.C., Jr., 93-1865 (La.2/28/94), 632 So.2d 745, 749, the Supreme Court instructs that judges should not “apply a draconian definition of ‘good cause’ when the state seeks an extension. The judge should be mindful of those situations where ... causes beyond the control of the state may impinge on its ability to prepare for the hearing.”
In the instant case, we find that the trial court did not abuse its discretion in extending the time limitations of article 877 for good cause. As such, we find this assignment of error to be without merit.
III. Timeliness of Disposition Hearing
In his final assignment of error, T.W. asserts that the trial judge erred in setting the disposition hearing outside of the time limitation set forth in Louisiana Children’s Code article 892, which provides that the disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days thereof. The period may be extended for good cause. La.Ch.C. art. 892. Here, the adjudication hearing was held on August 26, 2013, at which time the juvenile court scheduled the disposition hearing for October 10, 2013. T.W. did not object to the disposition hearing being scheduled outside of the thirty-day time frame. Louisiana Code of Criminal Procedure article 841 states “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of |sthe occurrence.” The absence of a contemporaneous objection prevents T.W. from raising this issue on appeal. Therefore, this assignment of error lacks merit.
IV. Ineffective Assistance of Counsel
In his final assignment of error, T.W. contends that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because his defense counsel failed to file a motion to dismiss the petition when the ninety-day time limitation had expired for the adjudication hearing and after the thirty-day time limitation had expired for the disposition hearing. The standard of review for ineffective assistance of counsel in a juvenile case was reiterated by this court in State in the Interest of J.T., 2011-1646, pp. 6-7 (La.App. 4 Cir. 5/16/12), 94 So.3d 847, 852-853:
*828 Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief filed initially in the district court where a full evidentiary hearing can be held.... However, in the interest of judicial economy, an appellate court can consider an ineffective assistance claim if the record on appeal contains sufficient evidence to evaluate the merits of the claim....
To succeed on an ineffective assistance of counsel claim, a defendant must establish two criteria: (i) that his trial counsel’s performance was deficient and (ii) that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). A claim of ineffective assistance may be disposed of based upon a finding that either one of the two Strickland criteria have not been established.
State v. Robinson, 11-0066, pp. 11-12 (La.App. 4 Cir. 12/7/11), 81 So.3d 90, 96-97. “Counsel’s performance is ineffective when it can be |3shown that he made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed 'to the defendant by the Sixth Amendment.” Porche, 00-1391 at p. 7, 780 So.2d at 1156 (citing Strickland, 466 U.S. at 686, 104 S.Ct. at 2064). “Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial.” Id. The defendant has the burden of showing that “ ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” Id. (quoting Strickland, 466 U.S. at 693, 104 S.Ct. at 2068).
We must first consider whether counsel’s performance fell below an objective standard of reasonableness. Then, if we find that counsel’s performance was unreasonable, we must determine whether T.W. was prejudiced by the deficient performance of his counsel. T.W. argues that had his counsel objected to the expiration of the time limitations or filed motions to dismiss once those limitations had expired, the petition would have been dismissed or the disposition would have been set aside, and thus T.W. would not be serving probation. We disagree.
T.W. asserts that his defense counsel was ineffective because he failed to file a motion to dismiss the petition after the ninety-day time limitation for the adjudication hearing lapsed. Counsel objected at the pre-trial conference to the trial court continuing the adjudication hearing outside of the ninety-day period, but did not subsequently file a motion to dismiss. Preter-mitting whether the failure to file the motion to dismiss falls below an objective standard of reasonableness, T.W. was not prejudiced by counsel’s actions. Over T.W.’s objection, the trial court found good cause to extend the time limitation, a decision we affirm.
11flTW. next contends that counsel was ineffective because of his failure to object to the disposition hearing being held outside of the time limitation and further because he neglected to file a motion to dismiss the petition upon the expiration of the thirty-day time limitation.
Again, pretermitting whether counsel’s actions fell below the objective standard of reasonableness, we must determine whether T.W. was prejudiced by counsel’s failures. Louisiana Children’s Code article 892 does not provide a remedy for a violation of the time limitation. When procedural matters are not addressed by the Children’s Code, the juve *829 nile court proceeds under the provisions of the Code of Criminal Procedure. La. Ch.C. art. 104. Louisiana Code of Criminal Procedure article 874 provides that “[sentences shall be imposed without unreasonable delay. If the defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.” The sanction for an unreasonable delay in sentencing is to divest the trial court of the power to impose the sentence. State v. McQueen, 308 So.2d 752, 755 (La.1975).
To determine whether the sentencing delay is unreasonable, this court will apply the four factors developed by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): the length of the delay, the reason for the delay, the defendant’s assertion of his right to a speedy trial, and the prejudice the defendant has suffered. T.W.’s adjudication hearing was held on August 26, 2013. Therefore, the disposition hearing should have been held no later than September 1125, 2013. However, it was held on October 10, 2013, a delay of fifteen days. The record is not clear as to the reason for the delay, but indicates that at the closing of the adjudication hearing, the trial judge and counsel for the State and T.W. agreed on the October 10, 2013 date.
T.W. has not asserted his right to a speedy trial until this appeal. As stated earlier, T.W.’s counsel did not object to the October date. T.W. nevertheless contends that he was prejudiced by his counsel’s failure to file a motion to dismiss because if the motion had been filed, T.W. would not be on probation. We cannot say that T.W. would not have been sentenced to probation had defense counsel filed a motion to dismiss. Therefore, we find no merit in this assignment of error as T.W. has not shown that he was prejudiced by the sentencing delay.
CONCLUSION
For the foregoing reasons, we affirm the adjudication and disposition of the juvenile court.
AFFIRMED.

. T.W. does not argue that the court erred in admitting the identifications.