| STATE OF LOUISIANA IN | * | NO. 2021-CA-0209 |
|---|---|---|
| THE INTEREST OF C.R. | | |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2019-073-09-DQ-C, SECTION "C"
Honorable Candice Bates Anderson, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Paula A. Brown)

Jason Rogers Williams
DISTRICT ATTORNEY
PARISH OF ORLEANS
G. Benjamin Cohen
ASSISTANT DISTRICT ATTORNEY
CHIEF OF APPEALS, PARISH OF ORLEANS
David B. LeBlanc
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

    COUNSEL FOR APPELLEE, STATE OF LOUISIANA

Michael Henry Grey, Jr.
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

Haylie Jacobson
LOUISIANA CENTER FOR CHILDREN'S RIGHTS
1100-B Milton Street
New Orleans, LA 70122

    COUNSEL FOR DEFENDANT/APPELLANT

**JUDGMENT AMENDED AND
AFFIRMED AS AMENDED
JULY 14, 2021**

DLD
JFM
PAB

This is a juvenile delinquency appeal.  On September 17, 2019, C.R.[1] was adjudicated delinquent for the misdemeanor offense of negligent injuring, in violation of La. R.S. 14:39.[2]  The juvenile court imposed a disposition of six months in the custody of the Office of Juvenile Justice ("OJJ"), suspended, placed the juvenile on active probation for two years, and ordered restitution.  The juvenile court deferred fixing the amount of the restitution.  Before the juvenile court set the amount of the restitution, C.R. appealed his delinquency adjudication and disposition, and this Court affirmed.[3]  On February 22, 2021, the juvenile court ordered restitution in the amount of $10,236.15, payable in $200.00 monthly installments.  C.R. now appeals the judgment setting the amount of the restitution.

Upon careful review, we find that the juvenile court properly ordered and set the amount of the restitution.  However, the two-year probationary period imposed at the disposition exceeded the statutory limits, and the judgment on appeal improperly assessed restitution against C.R.'s mother.  Accordingly, we amend the

---

[1] C.R. was born on September 18, 2005.  Pursuant to the confidentiality requirements set forth in La. Ch.C. art. 412 regarding juvenile proceedings, we refer to the juvenile by his initials.

[2] La. R.S. 14:39(A)(1) provides that negligent injuring is "[t]he inflicting of any injury upon the person of another by criminal negligence."

[3] *See State in Interest of C.R.*, 2019-0917 (La. App. 4 Cir. 1/29/20), 290 So.3d 220.

1

disposition to impose a probation term of one-year---the statutory maximum, terminate supervised probation, and remove C.R.'s mother from the judgment setting the amount of the restitution. In all other respects, the judgment fixing the restitution amount is affirmed.

**BACKGROUND**

C.R.'s delinquency adjudication and disposition arose out of the shooting of his cousin, also a minor.[4] The underlying facts of the case are set forth in *State in Interest of C.R.*, 2019-0917 (La. App. 4 Cir. 1/29/20), 290 So.3d 330 ("*C.R. I*"). In addition to other special conditions of probation, the juvenile court ordered restitution at the September 17, 2019 delinquency adjudication and disposition hearing. The juvenile court deferred fixing the amount of the restitution pending the State's submission of the victim's documentation of expenditures attributable to the shooting.

The disposition also referenced the juvenile court's intent to transfer C.R.'s probationary supervision to Plaquemines Parish and to otherwise retain the matter in Orleans Parish for the sole purpose of restitution.[5] The juvenile court attempted to transfer the case to Plaquemines Parish on September 30, 2019; however, Plaquemines Parish denied the transfer on November 19, 2019.

The juvenile court acknowledged Plaquemines Parish's denial of the transfer at a January 28, 2020 pre-trial conference and set the matter for an OJJ sentence review on April 28, 2020. The April sentence review was continued until July 24, 2020 because of Covid-19 related delays. At the July 24, 2020 sentence review,

---

[4] C.R's mother and the minor victim's mother are sisters.

[5] The record indicated that C.R.'s domicile was Plaquemines Parish.

the State submitted a letter and documentation from the victim's family outlining medical expenses and property damages approximating $200,000.00 resulting from the victim's shooting. The juvenile court held subsequent OJJ sentence reviews on October 26, 2020 and January 25, 2021. At the January 25, 2021 sentence review, the juvenile court received additional paperwork submitted by the State that included itemization of expenditures paid by the victim's various insurance coverages and set a disposition/restitution status review for February 22, 2021.

At the February 22, 2021 status review,[6] the juvenile court determined that the victim's out-of-pocket expenditures that were not subject to any insurance coverages amounted to $10,236.15. The court ordered restitution in that amount and orally advised that restitution had been assessed against the mother.

C.R. filed a motion and notice of appeal of the judgment ordering restitution, which the juvenile court denied. C.R. sought writ review of the denial, and this Court granted C.R.'s writ application. Finding that C.R. had a right to appeal the restitution award judgment, this Court instructed the juvenile court to grant C.R.'s motion and notice of appeal.[7]

This timely appeal followed.

**ASSIGNMENTS OF ERROR**

C.R. alleges the following assignments of error:

1. The juvenile court imposed an illegal disposition when it ordered probation beyond the statutory term;

2. The juvenile court erred by imposing restitution eighteen (18) months after the adjudication hearing;

---

[6] C.R.'s request to modify the disposition was continued.

[7] *See In Re C.R.*, 2021-0158 (La. App. 4 Cir. 3/25/21) (*unpub.*).

3. The juvenile court erred by imposing restitution on C.R.'s mother rather than on C.R., the child adjudicated delinquent; and

4. The juvenile court erred by imposing restitution without consideration and in excess of C.R.'s ability to pay.

**ERRORS PATENT**

This Court has determined that an error patent review is warranted in juvenile delinquency cases. *See State in the Interest of A.H.*, 2011-1152, p. 9 (La. App. 4 Cir. 12/21/11), 80 So.3d 1203, 1209 (citation omitted). An illegal disposition constitutes an error patent. *See State in Interest of J.T.*, 2011-1646, p. 24 (La. App. 4 Cir. 5/16/12), 94 So.3d 847, 862. Here, in assigned errors one and three, C.R. contends that the juvenile court imposed an illegal disposition in assessing an active probation term beyond the statutory maximum and in ordering his mother to pay restitution. Accordingly, this Court shall first conduct an error patent review of these errors before addressing C.R.'s remaining assignments of error contesting the juvenile court's assessment of restitution.

*Assigned Error No. 1: Illegal Probation Disposition*

C.R. contends that the two-year probation disposition imposed is illegal as it exceeds the permissible maximum sentence for a misdemeanor-grade adjudication disposition pursuant to La. R.S.14:39(C) and La. Ch.C. art. 900(A). The State does not contest the substance of C.R.'s argument on this issue. Instead, the State maintains that this Court should not review the excessiveness of the two-year probation term imposed because C.R. failed to timely file a motion to reconsider sentence, did not object to the disposition at the time of his adjudication, and did not raise the issue of excessiveness in his notice and motion for appeal. The State relies on La. C.Cr.P. art. 881.1(E) which provides:

4

Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

C.R. counters that he contests the legality, rather than the constitutional excessiveness of the punishment imposed. In contrast to an excessive sentence claim, La. C.Cr.P. art. 882(A) provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by the appellate court on review." Accordingly, the issue of the illegality of the sentence imposed is properly before this Court.

La. R.S. 14:39(C) provides that "[w]hoever commits the crime of negligent injuring shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both." La. Ch.C. art. 900(A) provides, in pertinent part, the following:

No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the offense which forms the basis for the adjudication, except that if the child is placed on probation, the term of probation may extend for a maximum of one year, or for such longer period of time if the child is a full-time participant in a juvenile drug court program operated by a court of this state, if such participation has been ordered by the court as a condition of the child's probation.

Here, the record reflects that the juvenile court did not order C.R.'s participation in a full-time juvenile drug court program as a condition of his probation, an exception to the one-year statutory maximum for a misdemeanor adjudication probation term. Nor did the disposition meet other exceptions to alter the maximum probation term.[8] Therefore, upon reviewing La. R.S. 14:39(C) *in*

---

[8] La. Ch.C. art. 900(C) also provides that the maximums do not apply if:

5

*pari materia* with La. Ch.C. art. 900(A), the maximum probation term allowable at the time of C.R.'s disposition was one year. Accordingly, we agree with C.R. that the two-year active probation period imposed was illegal.

Upon finding an error in the disposition, courts are instructed to correct the disposition where the error has imposed restrictions beyond what is authorized in the statutes. *See State in Interest of M.S.*, 2020-0346 (La. App. 4 Cir. 10/5/20), 306 So.3d 487, 493. Moreover, "[w]here the defect in [disposition] does not involve the exercise of discretion, the [disposition] may be corrected on appeal by amendment rather than remand." *State in Interest of M.S.*, 2020-0346 (La. App. 4 Cir. 10/05/20), 306 So.3d 487, 493 (quoting *State in Interest of H.L.F.*, 1997-2651, p. 6 (La. App. 4 Cir. 5/20/98), 713 So.2d. 810, 813 (citation omitted).

The record establishes that C.R.'s active probation term has already exceeded the statutory maximum of one-year.[9] Accordingly, we amend the disposition to remove the two-year active probation term, substitute a one-year

---

(1) A portion of an order of commitment was suspended, in which case the term of parole shall end when the time period so suspended has elapsed.

(2) The child commits a felony after having been committed to the custody of the Department of Public Safety and Corrections or while on probation and is tried as an adult and convicted or pleads guilty, in which case the judgment of disposition in the juvenile court shall terminate as of the date of conviction. The child shall earn no diminution of his felony sentence based upon time served under the order of disposition.

(3) The judgment expires by its own term, is modified, or is vacated.

(4) The child reaches age twenty-one.

[9] Based on the September 17, 2019 disposition, a one-year probation term would have expired on September 17, 2020. However, the juvenile court extended C.R.'s probation for an additional two years at the January 28, 2020 pre-trial conference. The court noted that no probation services had been put into place since the September 2019 disposition inasmuch as Plaquemines Parish had rejected the transfer of C.R.'s case. Nonetheless, even if the January 28, 2020 date is applied to trigger the start of C.R.'s probation, a one-year probation term would have concluded on January 28, 2021.

6

active probation term, and order the immediate termination of C.R.'s supervisory probation.

### *Assignment of Error No. 3: Legality of Restitution Order Against Mother*

C.R. maintains that the juvenile court lacked authority under La. Ch.C. art. 899B(2)(c) to order his mother, T.S.A.,[10] to pay restitution inasmuch as the article only permits assessment of restitution against the child adjudicated delinquent. We agree.

La. Ch.C. art. 899(B)(2)(c) allows the court to impose as a condition of probation "[a] requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of a delinquent act." Well-settled Louisiana jurisprudence provides that where the language of a statute is clear and unambiguous, the statute should be applied as written. *See State of Louisiana v. Watts*, 2009-0912, p. 13 (La. App. 4 Cir. 6/6/10), 41 So.3d 625, 635 (citation omitted). La. Ch.C. art. 899(B)(2)(c) clearly and unambiguously imposes the duty to make reasonable restitution on the delinquent child. Had the legislature intended to allow courts to directly order parents to pay restitution, it could have done so as it did when it placed other special probationary

---

[10] This Court notes a discrepancy and/or an ambiguity involving the written disposition and the transcript of the judgment fixing the restitution amount. The written disposition stated that "[t]he Court assesses restitution in the amount of $10,236.15" and provides that "[t]he family can mail the payment of $200.00 to the address of the victim." On the other hand, the transcript reveals that the juvenile court specifically instructed T.S.A. as follows: "[m]a'am, you're going to need to start making payments to your sister in the amount of $200.00 per month until those payments are made." After C.R.'s counsel objected, the juvenile court added, "I've assessed restitution against the mother. You represent the mother now, Mr. Grey?"

Generally, when there is a discrepancy or lack of clarity between the minutes and the transcript, the transcript prevails. *See State v. Lynch*, 441 So.2d 732, 734 (La. 1983). In applying this principle to the present matter, any reconciliation of the dispositions in the minutes and the transcript necessarily requires this Court to include T.S.A, C.R.'s mother, as a party to the juvenile court's order that fixed the amount of restitution to be paid.

conditions under La. Ch.C. art. 899(B)(2) on both the child and parent.[11] Accordingly, when we apply the restitution statute as written, the juvenile court erred in directly assessing restitution against C.R.'s mother.

This Court reached a similar result in *State in the Interest of D.M.G.*, 579 So.2d 525, 528 (La. App. 4 Cir. 1991). In *D.M.G.*, the trial court ordered the mother, along with the child, to make restitution to the victim for 50% of the victim's damages. In deleting that portion of the judgment which ordered the mother to pay restitution, the *D.M.G.* Court reasoned that the mother could not be ordered to pay restitution as she was not a formal party to the proceedings, and she could not be held financially responsible.[12] As such, in accordance with our jurisprudence, we order that restitution be assessed only against C.R. and order the removal of C.R.'s mother's name from the restitution order.

Notwithstanding our agreement with the findings of the *D.M.G.* case, we clarify that C.R's mother may still be found financially responsible for any restitution assessed against C.R. This Court explained in *State v. Portie*, 2008-1580, p. 15 (La. App. 4 Cir. 9/16/09), 22 So.3d 213, 222 that a restitution order is a civil money judgment that may be enforced in the same manner as a money judgment in a civil case in accordance with La. C.Cr. P. art. 895.1(A)(2)(a).[13]

---

[11] *See, e.g.*, La. Ch.C. art. 899(B)(2)(b) which permits a court to impose a "requirement that the child or his parent or his legal guardian perform court-approved community service activities[;]" or La. Ch.C. art. 899(B)(2)(g) which provides, in part, that "[t]he court may order a parent, tutor, guardian, or other person who is financially responsible for the care of the child to be responsible for payment of all or part of any supervision fee imposed."

[12] *See also State in Interest R.L.K.*, 1995-1277, p. 9 (La. App. 1 Cir. 12/95/95), 666 So.2d 427, 432, which vacated an order for the mother to pay restitution, finding that if restitution was ordered, only the juvenile should be ordered to pay the restitution.

[13] La.C.Cr. P. art. 895(A)(2)(a) states, in relevant part, that "[t]he order to pay restitution . . . is deemed a civil money judgment in favor of the person to whom restitution, costs, or fines are owed. . ." In addition to proceedings by the court which orders the restitution . . ., the judgment may be enforced in the same manner as a money judgment.

8

Here, we note that C.R. was a minor at the time of his offense. La. C.C. art. 2318 provides that the father and the mother are responsible for the damage caused by their minor children.[14] Hence, although we remove the mother's name from the restitution order, the victim still retains all other civil remedies permitted under statutory and jurisprudential authority to execute on the restitution order as a civil money judgment against C.R.'s mother or father in the event C.R. defaults on his restitution obligation.

We now return to address C.R.'s remaining assignments of error.

***Timeliness of Restitution Disposition***

C.R.'s arguments regarding the timeliness of the restitution disposition falls primarily in two categories: (1) the juvenile court's imposition of restitution eighteen months after the adjudication hearing, which C.R. contends violated La. Ch.C. art. 892, and (2) the juvenile court lacked jurisdiction to impose restitution in February 2021 because the statutory maximum one-year probation term it could impose had already expired. In this error, C.R. conflates the disposition ordering restitution and the disposition fixing the amount of the restitution. Hence, our review shall separately address the timeliness of each disposition.

As to the order of restitution, the written record and the transcript in *C.R. I* show that the juvenile court imposed restitution as a part of C.R.'s disposition on September 17, 2019, the same date as the delinquency adjudication. The juvenile court discussed restitution as follows:

---

[14] La. C.C. art. 2318 states, in relevant part, that "[t]he father and mother are responsible for the damage occasioned by their minor child, who resides with them or who has been placed by them under the care of other persons . . . ."

9

And then obviously we never talked about restitution - - hey, but you know, one issue we have not - - excuse me. So one issue that we have not resolved is restitution. Obviously, he has been adjudicated delinquent. Obviously this child was injured. Obviously he has had to have five injuries [sic]. Obviously that has cost money, there has been money associated with, I'm sure, deductibles for insurance, care, damage to your home, I would suggest that, so you need to obviously put that together for the District Attorney if you all are going to request restitution. Obviously that restitution will be due and owing by Mr. R[]s' family so I'm not certain whether or not you had to make any type of claims in order to get your house fixed, or to get your house repaired, or if there was any money that was out of pocket, but most certainly you need to give that information to the District Attorney as restitution would be assessed in this case, okay.

Okay, so do you have - - so what we can do is we can come back in about 30 days when you can get documentation together. Obviously all the families do not need to be present the attorneys could be here, but so that you-all are aware that there would be restitution due and owing.

The written record also indicates that "[t]his matter will remain in Orleans Parish for the sole purpose of restitution. State is to provide any and all receipts in regards to restitution." Additionally, the juvenile court encouraged the parties to talk amongst themselves to arrive at a restitution number.

Based on the above, clearly, the adjudication and disposition hearing which took place on September 17, 2019 timely ordered restitution within the thirty day time delays afforded by La. Ch.C. art. 892.[15] Moreover, in *C.R. I*, this Court affirmed the disposition imposing the special condition of restitution. That notwithstanding, the juvenile court delayed completion of the disposition terms when it deferred setting the amount of restitution pending receipt of the documentation establishing the sum owed. Accordingly, in addressing the

---

[15] La. Ch.C. art. 892 provides that "[p]rior to entering a judgment of disposition, the court shall conduct a disposition hearing. The disposition may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication. Such period may be extended for good cause."

timeliness of the disposition based on the eighteen-month delay between the timely-ordered restitution disposition and the hearing fixing the amount of the restitution, the issue this Court must resolve is whether the delay constituted an unreasonable delay in sentencing. We determine that it was not.

This Court discussed the parameters to determine unreasonable sentencing delays in juvenile matters in *State in Interest of T.W.*, 2013-1564, p. 10 (La. App. 4 Cir. 5/14/14), 141 So.3d 822, 828-29 as follows:

> Louisiana Children's Code article 892 does not provide a remedy for a violation of the time limitation. When procedural matters are not addressed by the Children's Code, the juvenile court proceeds under the provisions of the Code of Criminal Procedure. La. Ch.C. art. 104. Louisiana Code of Civil Procedure article 874 provides that "[s]entences shall be imposed without unreasonable delay. If the defendant claims the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court." The sanction for an unreasonable delay is to divest the court of the power to impose the sentence. *State v. McQueen*, 308 So.2d 752, 755 (La. 1975).

> To determine whether the sentence delay is unreasonable, the court will apply the four factors developed by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 104 (1972): the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice the defendant has suffered.

In applying the *Barker* factors, this Court acknowledges that the length of the delay between the order to pay restitution and setting the amount (eighteen months) was significant. However, in reviewing the other factors and circumstances of this case ---- the reasons for the delay, C.R.'s failure to assert his right to a speedy trial and/or disposition, and the lack of prejudice----we conclude that the eighteen-month delay in setting the restitution amount was not unreasonable.

In considering the reasons for the delay, the record shows that the juvenile court deferred fixing the amount of the restitution pending receipt of documentation from the victim and his family. Court-ordered restitution shall not exceed the actual pecuniary loss to the victim. *See State of Louisiana v. Walker*, 2015-1026, p. 9 (La. App. 4 Cir. 4/6/16), 192 So.3d 813, 818. Therefore, the juvenile court appropriately deferred fixing the restitution amount to give the victim and his family time to document their pecuniary losses and for the court to evaluate that evidence. *See State in the Interest of J.C.O.*, (La. App. 2 Cir. 6/2/04), 877 So.2d 1020, 1025 n.3, where the Second Circuit observed that a disposition hearing not conducted within the statutory delays was extended for good cause where the delay was caused, in part, by preparation of reports to aid in disposition.

Here, the victim's family did not submit restitution expenditures to the State until July 2020. Upon submission, an additional delay occurred when the juvenile court further asked the victim's family to itemize expenditures not covered by insurance policies. The family explained in its victim impact statement that any delay in gathering the restitution documentation resulted from the fact that the family was still accumulating expenditures as the victim had undergone multiple surgeries, faced future surgeries and extensive physical therapy, was required to purchase medical equipment, and had other ongoing medical care. Indeed, on the day of the hearing fixing restitution, the victim's mother indicated the victim had another procedure scheduled in the upcoming weeks.

The record also reflects that Covid-19 concerns caused delays in scheduling status conferences and disposition hearings. We also note potential delays resulting from the juvenile court's aborted attempt to transfer C.R.'s case to

Plaquemines Parish and C.R.'s appeal of the September 17, 2019 delinquency adjudication and order of restitution.[16]

The third *Barker* factor, a defendant's request for a speedy trial, does not apply to the present matter. Although C.R. did object to the disposition fixing the restitution amount, C.R. never filed a motion for a speedy trial or a related motion urging the juvenile court to timely fix the restitution amount.

C.R. also does not meet the fourth *Barker* factor. C.R. has not shown any prejudice from the delay in setting the restitution amount. As noted by the State, C.R. was not incarcerated; he was not forced to make any payments; and his active probation was not extended. The juvenile court also made C.R. aware at the initial adjudication and disposition that he would have to make restitution. Therefore, the record contradicts C.R.'s claim that "there was no indication restitution would be imposed beyond the thirty day time period." In *State ex rel. A.M.*, 2007-1228, pp. 13-14 (La. App. 4 Cir. 4/9/08), 983 So.2d 176, 185, this Court reasoned that where the juvenile could not prove he was prejudiced by the delay in sentencing, any error in the delay was harmless. Likewise, in the present matter, any error associated with the deferred disposition amounts to harmless error as C.R. has not demonstrated he was prejudiced by the delay.

When we apply the *Barker* factors, the eighteen-month sentencing delay was not so unreasonable as to divest the juvenile court of the power to order the restitution amount.[17] Therefore, we find this assigned error is without merit.

---

[16] This Court affirmed the adjudication and disposition on January 29, 2020. *See* n.3.

[17] Relatedly, La. Ch.C. art. 892 permits a disposition hearing to be continued for good cause shown. Although there was no hearing to show good cause, based on the totality of the circumstances, good cause existed for the delay in fixing the restitution amount.

The second part of C.R.'s claim challenging the timeliness of the restitution award argues the juvenile court lacked jurisdiction to set a restitution amount after C.R.'s one-year maximum probation term had expired. La. Ch.C. art. 313(A) specifies a juvenile court's duration of jurisdiction over proceedings ends when any of the following conditions are met:

(1) Declination of jurisdiction.

(2) Transfer of the proceeding.

(3) Expiration or satisfaction of an informal adjustment agreement.

(4) Expiration or satisfaction of an informal adjustment plan.

(5) Expiration, satisfaction, or vacation of a juvenile disposition or adult sentence.

(6) Dismissal of the proceeding.

Thus, pursuant to La. Ch.C. art. 313(A)(5), the juvenile court retains jurisdiction until the expiration, satisfaction, or vacation of C.R.'s disposition. Inasmuch as C.R. was ordered to pay restitution as a condition of his probation at the initial disposition and that condition had not been satisfied at the time restitution was fixed, the juvenile court's jurisdiction necessarily continued beyond the conclusion of any supervised probation, regardless of the term. As we decline to vacate the disposition fixing the restitution for the reasons discussed herein, the juvenile court's jurisdiction over C.R. remains uninterrupted. Thus, C.R.'s timeliness arguments lack merit.

***Excessive Restitution Amount***

C.R.'s final assignment of error contends that the juvenile court's restitution order of $10,236.15, in monthly installments of $200.00, is in excess of his ability to pay. C.R. argues he is indigent and thus, the restitution amount contravenes the

requirement under La. Ch.C. art. 899(B)(2)(c) for "reasonable" restitution and La. C.Cr.P. art. 895.1(A)(1) which requires the court to base restitution on the earning capacity and assets of the defendant.[18]

As discussed herein, only the child can be included in the order to pay restitution in a juvenile proceeding. Nevertheless, there is no statutory prohibition against consideration of the parents' assets in evaluating the juvenile's capacity to pay, especially in light of La. C.C. art. 2318 that subjects the parents to liability for the damages caused by their minor child. At the restitution hearing, the juvenile court established that C.R.'s mother was employed as a bus driver and his stepfather was also gainfully employed. The evidence also documented that the victim and his family had incurred expenses in excess of $200,000.00 and actual out-of-pocket expenses of $10,236.15, and the losses were still accruing.

C.R. maintains that because he is indigent, restitution serves no rehabilitative purpose. As noted, however, the record shows C.R. may have access to resources to satisfy the restitution order. Moreover, Louisiana jurisprudence establishes that a juvenile court's order of restitution requiring the juvenile to bear accountability for his actions is a reasonable form of rehabilitation. *See State in the Interest of D.B.*, 2013-1364, p. 10 (La. App. 3 Cir. 4/23/14), 137 So.3d 1282, 1288. "Ordering a child to make partial restitution to the victim not only serves the public interest but is also in the interest of the child by teaching him that he will be held not only morally but also financially responsible for his acts." *D.M.G.*, 1990-1080, 579 So.2d at 528.

---

[18] *See also* La. C.Cr.P. art. 895.1(A)(1) which provides, in pertinent part, that "[t]he restitution payment shall be made, in discretion, of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant."

15

District courts have broad discretion in sentencing decisions, including the ordering of restitution. *See Walker*, 2015-1026, p. 8, 192 So.3d at 818 (citations omitted). Accordingly, appellate courts will not set aside a district court's judgment on restitution absent an abuse of discretion. *Id*. In this case, the victim sustained severe injuries. We cannot say that the restitution amount ordered was unreasonable so as to constitute an abuse of the district court's discretion. This error is without merit.

**CONCLUSION**

Based on the foregoing reasons, we amend the disposition to impose a one-year active probation term, terminate the probation, and remove C.R.'s mother from the order to pay restitution. In all other respects, the judgment fixing the restitution amount is affirmed.

**AMENDED AND AFFIRMED AS AMENDED**