1LEON A. CANNIZZARO, JR., Judge.
The State of Louisiana appeals from a judgment of the trial court granting the defendant, Gerald Causey’s, motion to quash the bill of information. The State argues that the trial court erred in granting the motion because the statutory time limitations pursuant to La.C.Cr.P. articles 578 through 583 had been interrupted and, therefore, had not run. The defendant counters that his constitutional right to a speedy trial was violated, and, thus, the trial court properly quashed the bill of information.
On July 16, 1998, the defendant was charged by bill of information with possession of cocaine, in violation of La. R.S. 40:967(C). He pled not guilty at his arraignment on July 31, 1998. After a hearing on October -19, 1998, the trial court found probable cause and denied the motions to suppress the evidence and the confession. A six-member jury found the defendant guilty as charged after a trial on December 1, 1998. The defendant filed a motion for a new trial on December 10, 1998, which the trial court granted on January 25, 1999. The State objected and gave notice of its intent to file a writ application. This Court denied the writ on April 13, 1999, finding no abuse of the trial court’s discretion.
|?The following is a chronology of the case as set forth in the official minute entry notations of the Criminal District Court.[1]
July 16, 1998 State filed bill of information charging Causey
December 1, 1998 Defendant found guilty as charged after jury trial
January 25,1999 Defendant’s motion for a new trial granted; State noted intent to file a writ application
*1078 April 13, 1999 State’s writ application denied
April 15, 1999 Status hearing reset to 5/10/99
May 10, 1999 Defendant appeared in court with counsel; status hearing set for 6/9/99
June 9, 1999 Defendant appeared in court with counsel; status hearing continued by court; reset for 7/8/99
July 8, 1999 Defendant appeared in court with counsel; status hearing continued by court for the State and reset for 7/15/99
July 15, 1999 Court reset status hearing for 8/10/99; defense attorney to notify defendant
August 10, 1999 No court held; matter reset for 9/01/99; notify defendant and attorney
September 1, 1999 Defendant appeared unattended by counsel; continued by the court and reset for 9/15/99
September 15, 1999 Court reset for trial on 9/27/99; notify all
September 27, 1999 Court continued matter for the State and reset for trial 10/13/99; notation to send notice to defendant at address on bond
October 13,1999 Court continued matter for State; trial set for 10/29/99; notation to send notice to defendant at the address on bond
October -29, 1999 Defendant appeared unattended by counsel for trial; court reset for 11/18/99
^November 18, 1999 Court continued due to the State proceeding with another trial and reset trial for 1/12/2000; notation to send notice to defendant at address on bond
January 12, 2000 Defendant failed to appear for trial; court checked the record which shows he was served; the court issued an alias capias for his arrest (Emphasis added)
January 26, 2000 Court reset for bond forfeiture hearing for 2/7/2000; court noted defendant had not been served
February 7, 2000 Court reset matter for status for 2/22/2000; notation to send notice to defendant at 3234 Burdette St., New Orleans, La.
February 22, 2000 Matter deferred because of trial in progress; court reset bond forfeiture hearing for 3/16/00; notation to send notice to defendant
April 18, 2000 Matter did not appear on court’s docket; court reset bond forfeiture hearing for 5/3/00
May 3, 2000 Court reset bond forfeiture hearing for 5/25/00; notify surety by mail; court noted no service on defendant
May 25, 2000 Court reset status hearing on 6/21/00; notation to send notice to defendant and attorney
June 21, 2000 Status hearing continued by the court and reset for 8/15/00
August 15, 2000 Status hearing continued by court and reset for 8/30/00; notation to send notice to defendant at address on bond
August 30, 2000 Status hearing continued by court and reset for 9/11/00; notation to send notice to defendant at address on bond
September 11, 2000 Court reset this matter for status on 9/21/00
September 21, 2000 Court set for trial on 10/19/00; notation to send notice to defendant
October 19, 2000 Defendant appeared in court attended by counsel; court continued due to another trial and reset for 11/21/00
November 21, 2000 Defendant and attorney not present; court reset for 12/20/00; notation to notify defen *1079 dant at 3234 Burdette Street (Emphasis added)
| ¿December 20, 2000 Minute entry indicates no service on the defendant; status hearing set for 2/12/01; notation to notify defendant and attorney
February 12, 2001 Defendant did not appear; status reset for 3/01/01 (Emphasis added)
March 1, 2001 Status hearing set for 3/07/01
March 7, 2001 Defendant did not appear for status hearing because he was not served; defense attorney present; trial set for 4/11/01; notify defendant (Emphasis added)
April 11, 2001 Defendant not served; reset trial for 5/10/01
May 10, 2001 Defendant failed to appear; defense attorney present; court issued alias capias for arrest of defendant (Emphasis added)
March 20, 2002 Defendant appeared with counsel; trial set for 5/06/02
May 6, 2002 Defendant appeared with counsel for trial; trial continued on State’s motion. Reset for 6/13/02
June 4, 2002 Defense counsel appeared without defendant, filed a motion to quash the bill of information
June 11, 2002 Defendant appeared with counsel; motion to quash granted; State objected
At the hearing on the motion to quash, the defense attorney noted that four years had elapsed between the 1998 filing of the bill of information and the hearing on the motion to quash in 2002 and concluded that under La.C.Cr.P. art. 578(2) the case had prescribed. The defense also maintained that Causey’s right to a speedy trial was violated.
Causey was charged with a non-capital felony offense on July 16, 1998. Pursuant to La.C.Cr.P. art. 578, a trial had to be commenced within two years from the institution of prosecution. The trial was timely held on December 1, 1998. As noted previously, on January 25, 1999, Cau-sey’s motion for a new trial was granted J¿>y the trial court; the State sought supervisory review of that ruling, and on April 13, 1999, this Court denied the State’s writ. Pursuant to La.C.Cr.P. art. 582 when a defendant obtains a new trial, the State must commence the second trial within one year from the date the new trial is granted, or within the period established by article 578, whichever is longer. Thus, the State had until April or July of 2000— whichever is longer — to bring the defendant to trial. Clearly, the period for commencement of the trial had elapsed in June of 2002; thus, the defendant’s motion to quash is facially meritorious.
The State has a heavy burden of justifying the apparent untimely commencement of trial on the grounds that the time limits were either interrupted or suspended. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284; State v. Joseph, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032. When a defendant brings an apparently meritorious motion to quash based on prescription, the State must demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled.
In its brief, the State argues that the statutory time limitations were continually interrupted by the defendant’s failure to appear at court. La.C.Cr.P. art. 578 provides, in pertinent part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
[[Image here]]
(2) In other [non-capital] felony cases after two years from the date of institution of the prosecution; ...
*1080 La.C.Cr.P. art. 579 provides, in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
[[Image here]]
|fi(2) The defendant cannot be tried because of insanity or became his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, the proof of which appears of record. (Emphasis added).
La.C.Cr.P. art. 582 provides:
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
La.C.Cr.P. art. 583 provides:
The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists.
The State maintains that the defendant could not be served because he gave an incorrect address. The defendant’s bond of June 21, 1998, showed his address as 3234 Burdette Street, New Orleans, La. 70125. A change of address addendum of June 11, 2002, indicated that Causey gave the address of 3001 Independence Street, Apt. D, Metairie, LA. 70006.
An interruption under La.C.Cr.P. art. 579 occurred on January 12, 2000, when the defendant failed to appear for trial; according to the transcript in the record, the trial court looked at the file and found that Causey received notice of the trial date. Causey was also sent notice of the bond forfeiture hearing set for February 7, 2000, at the address he had given on the bond on June 21, 1998. At the hearing on May 10, 2001, when Causey did not appear, the prosecutor stated that the defendant “probably didn’t get service to be here because he has an empty l7lot listed as his address.” Each of these non-appearances would extend the time limitations under La.C.Cr.P. art. 579 by one year from the time he reappeared. When he missed the date January 12, 2000, and did not reappear until October 19, 2000, the time limitation was extended for a year, i.e. until October 18, 2001. Similarly, when he did not appear at court on February 12, 2001, and did not reappear until March 20, 2002, the time to bring him to trial was extended until March 19, 2003.
The trial court recognized the State’s statutory argument that the time for trial had been interrupted by the defendant’s continual non-appearances. However, at the hearing on the motion to quash, the prosecutor stated that he was familiar with the case only since he came into that section of court in 2002. The court stated that during the time the case had been pending “a minimum” of twenty assistant district attorneys had served in his section of court and every time the case was docketed for trial the State requested that it be continued. Thus, the court found the State solely responsible for the delays, and granted the defendant’s motion to quash.
The findings of the trial court judge are not substantiated by the record. Beginning with the April 15, 1999 hearing after the State’s writ application was denied, the matter was set for status, trial, or bond forfeiture hearings thirty-four times. Of these thirty-four continuances, only seven are documented as attributable to the State. The delay in this case resulted *1081 primarily from the defendant’s failure to appear in court for ten months in 2000, during the entire year of 2001, and for almost three months in 2002.[2] The failure to effect service on Causey at the Burdette Street | «address was entirely attributable to him. The State is correct that prescription was interrupted under La.C.Cr.P. art. 579(A)(2).
The defense argues that the defendant’s constitutional right to a speedy trial was violated. In State v. Brock, 99-2128 (La.App. 4 Cir. 6/14/00), 767 So.2d 130, writ denied, 2000-2147 (La.7/28/01), 797 So.2d 684, citing State v. Johnson, 622 So.2d 845, 848 (La.App. 4 Cir.1993), this Court noted:
The Sixth Amendment of the U.S. Constitution also provides a right to a speedy trial. This is a fundamental right which has been imposed on the states by the due process clause of the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Whether this right has been violated is determined by a four-part test: the length of the delay, the reason for the delay, the defendant’s assertion of his or her right, and prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; State v. James, 394 So.2d 1197, 1200 (La.1981).
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court noted that the length of delay is a triggering mechanism, and the other three factors need not be addressed unless the court finds the length of delay to be presumptively oppressive given the circumstances of the case. See also Doggett v. United States, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).
Considering the first factor under Barker, supra, the delay in the present case was almost four years between the institution of prosecution in July of 1998 and the filing of the motion to quash in June of 2002. This delay should be considered presumptively prejudicial, thereby triggering inquiry into the other Barker factors.
As to the reason for the delay in this case, the record reflects that the delay was primarily due to the fact that, through his own fault, the defendant’s presence for trial could not be obtained by legal process. Furthermore, the defendant never filed a motion for a speedy trial nor did he ever object to the repeated continuances, and it 13does not appear that he was incarcerated during the delay.[3] Considering the totality of circumstances, the defendant’s right to a speedy trial under Barker, supra, was not violated.
Accordingly, the trial court erred in granting the defendant’s motion to quash. Therefore, the trial court judgment is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, J., CONCURS.
LOVE, J., DISSENTS WITH REASONS.

. The facts of the case are not relevant here.

. Several of the minute entry notations indicate the defendant was not served, which must mean that he could not be served (in a vacant lot); his address as listed on his bond was part of the minute entry notation in October of 1999 and was listed several times in other entries.

. At the motion to quash hearing, the judge stated that when Causey was arrested on the capias "I released him as soon as I got him into court.”