JAMES F. McKAY III, Judge.
hThe State appeals the November 14, 2006 judgment of the trial court denying its request for a continuance and dismissing the case under Louisiana Children’s Code Article 877[1], with prejudice. We agree with the State, find that the trial court abused its discretion in refusing to grant the State’s motion for continuance, reverse the judgment of the trial court, and reinstate the petition.
This case in not driven by the underlying facts but by the procedural issues that the state forwards in this appeal. It suffices to say that on December 5, 2005, the minor defendant, R.G., allegedly sixteen (16) years old, was arrested for alleged curfew violation and drug law violations, to wit possession of marijuana with intent to distribute. La. R.S. 40:966(A)(1).
li>On March 24, 2006, the State filed a petition to have R.G. declared delinquent as defined in La. Ch. C. art 804(3). An initial hearing was held on April 18, 2006. Both the mother and R.G. failed to appear at this hearing; warrants were issued for both. However, later that day the defendant and his mother made an appearance in court, the trial court recalled the warrants and set a trial date of May 30, 2006. R.G. remained released from custody. On May 30, 2006, the State requested a continuance as the wrong police officer was noticed and the criminalist report was received that same day. Also at the hearing on May 30, 2006, counsel for the defendant requested a continuance as both the defendant and his mother were out of town; both the State and the defendant continuance was granted, and the trial was reset for August 1, 2006. The trial court, on its own motion, continued the trial until August 30, 2006. On August 30, 2006, the defendant requested another continuance to hire a private attorney. This defense continuance was granted and a new trial date was set for September 29, 2006. The trial court continued this trial date on its own motion and reset the trial for November 14, 2006. On that date the State requested a continuance as Officer Lusk, the arresting officer, was ill. The trial court denied the continuance and dismissed the case for failure to prosecute the case within ninety (90) days, pursuant to La. Ch.C. art. 877. R.G. was not in custody throughout all of the above proceedings.
ASSIGNMENT OF ERROR
In its sole assignment of error the State asserts that the trial court erred in denying the State’s motion for continuance despite the State demonstrating good cause for the continuance.
The State appeals the trial court judgment, arguing that the trial court abused its discretion when it dismissed the petition under Louisiana Children’s Code | o.article 876. Children’s Code Article 876 states, in pertinent part, that “[f]or good cause, the court may dismiss a petition on its own motion, on the motion of the child, *477 or on motion of the petitioner.” In this case, the trial court dismissed the petition on its own motion. “Good cause” is determined on a case-by-case basis and must be fully supported in the record. State In Interest of M.B., 97-0524, p. 2 (La.App. 4 Cir. 11/19/97), 703 So.2d 146, 147. The Juvenile Court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel. T.N., 2000-1593 (La.App. 4 Cir. 5/23/01), 789 So.2d 73.
The trial court made it clear that the State’s continuances warranted good cause for dismissing the case with prejudice as the State was not prepared to go to trial on November 14, 2006. However, as gleaned from the transcript, it is clear that the State informed the court that Office Lusk was sick with the flu but that if necessary, as he was subpoenaed to appear that day, he would come to court. The trial court rejected this offer as it considered that the case had been called and that the State was not ready for trial. The transcript of the hearing is revealing and leads this Court to draw a different interpretation of what transpired. It is obvious that the trial judge did not solely base his judgment on art. 877 but also on the fact that he did not want to subject himself to the “flu”. “.And I don’t want him sitting next to me, I wouldn’t no more want him sitting next to me with a flu than I would if he’d been on a heart machine or some other life preserving machine ...” This is a clear abuse of discretion. Coupled with the number of both defense continuances and the court continuances, for unknown reasons, we cannot conclude that there was clear cause to dismiss the matter with prejudice. To the contrary the State has proven that there was clear cause for the delay in the prosecution of this matter.
|4R.G. was arrested on December 5, 2005. As outlined above, the State moved to have R.G. declared delinquent on March 24, 2006. The April 18, 2006 continuance can be attributed to the defendant. The May 30, 2006 continuance may on its face appear to be a joint continuance but let it be noted that the defendant was not in court. The August 1, 2006 continuance was on the trial court’s- own motion, with no reasons given in the record. The August 30, 2006 continuance is attributable to the defendant. The September 29, 2006 continuance was upon the trial court’s own motion, with no reasons given in the record. It does not appear that the numerous delays in the trial can be solely attributed to the State. The State was willing to go to trial on November 14, 2006, but the trial court was unreasonable in not granting the State a reasonable time to get the police officer into court. Fear of exposure to the “flu” virus is not cause to dismiss the case. Conversely, it is abundantly clear that the State has established that there was just cause for delay of the prosecution.
Furthermore, in the case sub judice, R.G. is charged with violation of La. R.S. 40:966(A)(1), which carries a penalty of not less than five years not more than thirty years at hard labor and may in addition be required to pay a fine of not more than fifty thousand dollars. This is not a minor infraction of the law.
For the above and foregoing reasons we reverse the judgment of the trial court, reinstate the petition and remand the matter for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, C.J., concurs in the result.

. Art. 877. Adjudication hearing; time limitations
A. If the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
D. For good cause, the court may extend such period.