Judge Madeleine M. Landrieu
hThe State of Louisiana appeals the judgment of the juvenile court, dismissing the delinquency petition filed against R.W. on the basis that he was not timely adjudicated. The State argues that the juvenile court abused its discretion (1) in refusing to continue the adjudication hearing when the State’s key witnesses failed to appear at trial despite its diligent efforts to have them served, and (2) in dismissing the delinquency petition. For the reasons that follow, we affirm the juvenile court’s judgment.

FACTUAL BACKGROUND AND PROCEEDINGS BELOW

On June 2, 2016, the State filed a petition in the Orleans Parish Juvenile Court alleging that R.W., a fourteen-year-old juvenile, violated La. R.S. 14:34.1 in that he committed a second degree battery upon a named male, also a juvenile. The petition requested that the child be adjudicated delinquent. An Answer Hearing was held on June 6,2016, at which time R.W. denied the allegations of the petition and the court set the matter for adjudication hear- *15 tag on August 8, 2016. The clerk of court was ordered to issue trial subpoenas to all persons identified on the witness list.
|2On August 8, 2016, R.W. appeared for trial. Because no service had been issued, the court, on its own motion and over defense counsel’s objection, continued the matter until August 22, 2016. At that time, pursuant to La. C.Cr.P. art. 734(C),[1] the State filed a motion to appoint a special process server, which was granted.
R.W. appeared for trial on August 22, 2016. At the hearing, the court, again on its own motion and over defense counsel’s objection, continued the matter until August 29, 2016, “based on no service of essential State witnesses.” Further, the court ordered the State to produce a good address for the victim witness. In ordering the continuance, the court stated:
[I]f this matter has to be continued, once again, the Court will listen to a Motion to Deny the Continuance by Defense Counsel.
On August 29, 2016, R.W. again appeared for trial, but the State requested that the matter be continued on the basis that it had not yet received confirmation from the New Orleans Police Department (“NOPD”) of the accuracy of the victim’s address. The court, over the “vigorous objection” of defense counsel, granted the continuance and reset the matter for a status conference on August 31, 2016. On that date, the matter was continued to the following day, September 1, 2016, for “ADA Address Status” because the State was still awaiting confirmation of the victim’s address from the NOPD. On September 1, 2016, the State reported to the court that the NOPD officer had confirmed the accuracy of the victim’s |3address. Accordingly, the court, noting defense counsel’s continuous objection, and finding “good cause under [La.] Ch.C. Art. 877 to extend the trial period in this matter to the next hearing date,” reset the adjudication hearing to September 12, 2016. Additionally, the clerk of court was ordered to issue service to the victim’s address, for which they now had confirmation, “by regular mail and by certified mail, return receipt requested.”
In anticipation of the September 12, 2016 hearing, on September 6, 2016, the State filed a motion to appoint NOPD Officer Thomas Hutchison, Investigator for the Orleans Parish District Attorney’s Office, as special process server in order to effectuate service of the court subpoenas to the named witnesses, i.e., the victim and his mother. An order appointing the special process server was signed that same day and service upon the victim’s mother was effectuated.
On September 12, 2016, the court, again on its own motion, and having found “good cause” to extend the trial period to the next scheduled hearing date because, on this occasion, the defendant had not been served, continued the matter to September 26, 2016.[2] Additionally, the court, noting that the address for the victim and his mother was “valid and inhabited,” ordered *16 the clerk of court to issue trial subpoenas at that address.
On September 22, 2016, the State once again moved the court to appoint a special process server to effectuate service of the trial subpoenas upon the victim and his mother. The court granted the motion and issued an order that same date appointing NOPD Officer Hutchison as special process server.
|4On September 26, 2016, the fifth setting for the adjudication hearing, R.W. appeared for trial. The State requested another continuance on the basis that it was unprepared to go forward due to its inability to serve the victim and his mother. In denying the continuance, the court considered that, in addition to the appointment of the special process server, the clerk’s office also went through its normal procedures of attempting service upon the witnesses to no avail. Additionally, the State conceded to the court that it had not engaged in any communications with the witnesses during the four months preceding the hearing.[3] Accordingly, for these reasons, and having determined no “good cause” existed to move the matter beyond the time limitation, the trial court denied the State’s motion for a continuance due to the failure of its witnesses to appear at trial. The State objected to the court’s ruling and requested time to file a writ application with this Court. The State also requested a stay, which was denied.[4]
The record reflects that the defense then moved for dismissal of the petition for failure to timely prosecute pursuant to Article 877 of the Louisiana Children’s Code. Based on the trial court’s finding that no “good cause” existed to move the matter beyond the timeline, the trial judge granted the defendant’s motion and dismissed the delinquency petition. A judgment of dismissal was signed by the trial judge on September 28, 2016. From this judgment, the State timely appealed.

JjPISCUSSION

In this appeal, the State maintains that the juvenile court abused its discretion in refusing to continue the trial and in dismissing the delinquency petition. In short, the State argues that its diligent efforts to effectuate service upon the victim and his mother as noted by the trial judge, ie., appointing a special process server on more than one occasion, constituted good cause for the delay in commencing trial under Louisiana Children’s Code article 877, especially in light of the defendant’s failure to demonstrate any prejudice to his case because of the delay.
This article provides for the time limitations applicable here. In pertinent part, it states:
B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
C. If the hearing has not commenced timely, upon motion of the child, the court shall ... dismiss the petition.
D. For good cause, the court may extend such period.
La. Ch.C. art. 877.
In the present case, because R.W. was not continued in custody, the State had *17 ninety days from June 6, 2016, the date he appeared to answer the petition, to bring the matter to trial. La. Ch.C. art. 877(B). Applying the formula set forth in Children’s Code article 114,[5] R.W.’s adjudication hearing should have commenced by September 6, 2016.
IfiThe Louisiana Supreme Court held in State in the Interest of R.D.C., Jr., 93-1865 (La. 2/28/94), 632 So.2d 745, 748, that the time period set forth in La. Ch.C. art. 877 is mandatory and “it is incumbent on the [S]tate to make a showing of good cause and obtain an extension before the time period has run.” The Court further noted that in considering what constitutes good cause, the juvenile judge should be mindful of those situations or causes beyond the control of the State that may impinge on its ability to prepare for a hearing. Id. at 749. What constitutes good cause, i.e., legally sufficient reason, for dismissal of a juvenile delinquency matter must be determined on a case-by-case basis and must be fully supported by the record. State ex rel. S.R., 08-0785, p. 4 (La.App. 4 Cir. 10/8/08), 995 So.2d 63, 66. The juvenile court is vested with broad discretion in determining whether a case should be dismissed for good cause. State ex rel. R.G., 06-1625, p. 3 (La.App. 4 Cir. 7/18/07), 963 So.2d 475, 477.
In support of its “good cause” argument herein, the State cites State v. Ring, 461 So.2d 1162 (La. App. 3 Cir. 1984), wherein the Third Circuit held that a delay 17due to the State’s search for a key witness was sufficient to establish just cause for delay of the trial, especially where the defendant did not appear to have suffered any prejudice. In the instant case, however, the delay was not due to the State’s inability to locate a key witness; to the contrary, the exact location of the State’s witnesses herein had been confirmed. In fact, the first time the trial court granted a continuance extending the hearing beyond the time limitations, it did so upon finding that good cause existed. The address of the witnesses had finally been confirmed and service upon them could then be accomplished.
On September 26, 2016, the fifth setting of R.W.’s adjudication hearing—the second setting beyond the ninety-day time limitation established in Louisiana Children’s Code art. 877—the trial judge refused to find that the State’s inability to once again effectuate service on the victim and his mother constituted sufficient good cause to extend the time limitations any further. We agree.
The record reflects that, except for the one occasion when the defendant did not appear because he was not served, R.W. was present and ready to proceed each time the adjudication hearing was re-set. The record further reflects that, for each trial setting, R.W. was required to miss *18 school in order to appear. Moreover, as the trial judge suggested, the State’s lack of communication with the victim and his mother and its continued difficulty in having them served arguably reflects the victim’s apparent disinterest in assisting the State in pursuing the charges against the defendant. On at least one occasion, the witnesses knew it was the police knocking on their door, yet they refused to answer it; consequently, service of the trial subpoenas was not accomplished. There is nothing in the record to suggest that additional time and/or repeated efforts to effectuate service would be successful.
IsAccordingly, having considered the particular facts and circumstances presented in this case, because the time limitations set forth in La. Ch.C. art. 877 are mandatory, we find the trial judge did not abuse his discretion in refusing to And good cause existed to grant the State a second request for continuance beyond the ninety-day period. Moreover, as the remedy for an untimely adjudication hearing is dismissal of the petition, we affirm the trial court’s dismissal of the delinquency petition filed by the State against R.W.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the juvenile court dismissing the delinquency petition filed against R.W. because he was not timely adjudicated.
AFFIRMED

. La. C.Cr.P. art. 734(C) provides, in pertinent part:
When the district attorney is involved in the investigation or prosecution of a criminal case, investigators who are employed by that district attorney .,. and who are commissioned law enforcement officers may serve any subpoena or subpoena duces te-cum which is issued in that case.

. The record on appeal indicates that even though the victim’s mother had been served to appear for trial on September 12, 2016 (the defendant had not been served), she did not appear for trial in accordance with the subpoena.

. According to the State, on the eve of the September 26, 2016 adjudication hearing, Officer Hutchison went to the witnesses’ address to serve the subpoenas and, after knocking on the door, he heard someone say, "It’s the police.” No one came to the door and the subpoenas were not served.

. The State filed an application for supervisory writ in this Court seeking review of the trial court’s denial of its motion for continuance, which was denied. State in the Interest of R.W., 16-0981 (La. App. 4 Cir. 9/26/16)(unpublished). The State then filed an application for supervisory writ with the Louisiana Supreme Court, which remains pending.

. La. Ch.C. art. 114 provides:
A. In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
B. A half-holiday is considered as a legal holiday.
C. A legal holiday is to be included in the computation of a period of time allowed or prescribed, except in any one of the following instances:
(1) It is expressly excluded.
(2) It would otherwise be the last day of the period, except that, for purposes of calculating a release date from an order of commitment, a legal holiday shall be included if it is the last day of the period.
(3) The period is less than seven days.
D.All Saturdays and Sundays are also considered as legal holidays.