STATE OF LOUISIANA IN     *        NO. 2024-CA-0031
THE INTEREST OF T.S.

                    *        COURT OF APPEAL

                    *        FOURTH CIRCUIT

                    *        STATE OF LOUISIANA

               * * * * * * *

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2021-218-01-DQ-B/A, SECTION "A"
Honorable Clinton Smith
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge
Karen K. Herman)

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Thomas Frederick
Assistant District Attorney
Orleans Parish District Attorney's Office
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT

Aaron Clark-Rizzio
Louisiana Center for Children's Rights
1100-B Milton Street
New Orleans, LA 70122

      COUNSEL FOR DEFENDANT/APPELLEE

                         **REVERSED AND REMANDED**

                             **APRIL 22, 2024**

The State of Louisiana ("the State") appeals the December 18, 2023 judgment of the juvenile court that dismissed the State's delinquency petition against T.S. ("Minor"), finding that the State failed to commence the adjudication hearing within the required statutory time period. For the reasons that follow, we reverse the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In August 2021, Minor was charged by delinquency petition with one count of armed robbery, a violation of La. R.S. 14:64. A continued custody hearing was conducted on August 10, 2021, at which time the juvenile court found probable cause and set bond. On August 17, 2021, Minor denied the offense charged in the petition, and the matter was set for an adjudication hearing (hereinafter sometimes referred to as "a trial"[1]) on October 6, 2021.

On October 6, 2021, the trial setting was converted to a pre-hearing conference at the request of defense counsel; the juvenile court noted the parties'

---

[1] "The adjudication hearing in the juvenile system is the equivalent of a trial in the adult criminal system. Its purpose is to determine whether the state has proved that the juvenile committed the delinquent act as alleged in the petition (or a lesser included offense within the petition's charge)." Jack Harrison, *Louisiana Children's Code Handbook*, p. 468 (2023) (internal citation omitted).

"agree[ment] to allow the youth to participate in the Center for Restorative Approach, Restorative Justice Center" and ordered the release of Minor to the custody of his parent/guardian in order to participate in the Restorative Justice program. The court further noted that it was informed that "[u]pon successful completion of said program, . . . the [S]tate may consider resolving this matter."

The case was inactive for an extended period of time to allow time for Minor to participate in the Restorative Justice program. On May 8, 2023, the juvenile court noted that Minor "was arrested on an outstanding warrant on an adult matter out of St. Bernard Parish"[2] and set the matter for a pre-hearing conference on July 11, 2023. The court directed the clerk of court to issue a writ of habeas corpus (hereinafter sometimes referred to as "writ") to the detention facility in St. Bernard Parish to secure Minor's attendance at the conference.

A July 12, 2023 judgment reflects that a pre-hearing conference was conducted on that date, that Minor was not present in court, and that trial was set on September 13, 2023. The judgment further reflects that the court directed the clerk of court to issue a writ for Minor's attendance. A September 14, 2023 judgment reflects that a pre-hearing conference was conducted on that date, that Minor was not present, and that the conference was reset for October 16, 2023 "in order to allow the [S]tate to contact St. Bernard Parish to determine the charges and the posture of the case." The court expressly found good cause for the extension.

Minor was not brought to court on October 16, 2023. Defense counsel requested the matter be reset "in order to determine the status and/or outcome of

_____

[2] The October 16, 2023 judgment notes that "[Minor] is currently remanded on pending adult matters, attempted murder, in St. Bernard Parish."

[the St. Bernard Parish] matter," and the court reset the matter for a status hearing on November 28, 2023, finding good cause for the extension. On November 28, 2023, the juvenile court set the case for trial on December 18, 2023 and directed the clerk of court to issue a writ for Minor's attendance. The court informed the parties that no further continuances would be granted.

Minor was not brought to court for trial on December 18, 2023. Defense counsel requested that the State not be granted a continuance arguing that "the State of Louisiana . . . [was] holding [Minor] against his will in [the St. Bernard Parish] jail[,] [a]nd so, the inability for [Minor] to be brought to trial [was] entirely within the state's control." In response, the prosecutor noted that, independent of the writ issued by the clerk of court, the State had issued a writ to secure Minor's attendance, and requested a continuance and finding of good cause for extending the statutory deadline to commence an adjudication hearing. The juvenile judge noted he confirmed receipt of service by the St. Bernard Parish detention facility of the writ for trial scheduled that day. The court denied the State's request for a continuance and dismissed the delinquency action on the ground that the adjudication hearing was not commenced timely pursuant to La. Ch.C. art. 877. This appeal followed.

## DISCUSSION

The Louisiana Children's Code explicitly provides time limitations within which the State must adjudicate juvenile delinquency matters. La. Ch.C. art. 877(B) states that "[i]f the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition." Additionally, La. Ch.C. art. 877(D) provides that "[f]or good cause, the court may extend such period." If the hearing is not timely commenced, "upon

3

motion of the child, the court shall release a child continued in custody and shall dismiss the petition." La. Ch.C. art. 877(C).

The State argues that the juvenile court lacked authority to dismiss the petition under La. Ch.C. art. 877 because Minor did not move for dismissal. The State further argues that, even had a motion to dismiss been filed, dismissal would not have been appropriate because the delays to commence an adjudication hearing had not run. Specifically, the State maintains that the October 16, 2023 order resetting the matter for a status conference and finding good cause for the extension, without setting a specific date to which the limitation period was extended or a trial date, operated to extend the art. 877 time limit an additional ninety days.

The State claims that the Supreme Court's ruling in *State in the Interest of M.P.*, 20-00567 (La. 11/4/20), T.S., governs the resolution of the first issue. In *M.P.*, the Supreme Court reviewed this Court's ruling reversing the juvenile court and dismissing the adjudication as untimely. *Id.*, 20-00567, p. 1, 303 So.3d at 622-23. There, the adjudication was continued several times until it finally occurred nearly seven months after the juvenile answered the petition. However, while the juvenile objected to the continuances and findings of good cause, the juvenile never sought supervisory review of those adverse rulings, nor did the juvenile file a motion to dismiss, as required by La. Ch.C. art. 877(C). Accordingly, the Supreme Court found that this Court erred in reversing the juvenile court and reinstated the juvenile court's adjudication and disposition. *Id.*

Similar to the juvenile in *M.P.*, Minor did not file a motion to dismiss. Minor concedes in his appellate brief that that "this case is controlled by . . . *State in Interest of M.P.*" and that "dismissal was improper" since he "never moved to

4

dismiss."[3] We agree with the parties on this issue. It is undisputed that Minor did not move for dismissal. Therefore, the juvenile court had no authority to dismiss the petition under La. Ch.C. art. 877.

The State's second argument focuses on the good cause extension granted on October 16, 2023 and its effect on the time limitations contained in La. Ch.C. art. 877. The State notes that on October 16, 2023, the juvenile court set the matter for a status hearing on November 28, 2023 and did not specify the date to which the art. 877 deadline was extended or set a trial date. The State argues that "in the absence of a date certain set by the trial court, a good cause extension under [a]rt[.] 877(D) resets the . . . time to commence the adjudication" and that, therefore, the October 16, 2023 extension "provided the State with 90 days from that date (until January 14, 2024) to hold an adjudication hearing." Since we ultimately find that the juvenile court abused its discretion in denying the State's request for a continuance of the December 18, 2023 adjudication hearing and finding of good cause and that therefore, the time period within which to commence an adjudication hearing has not expired, we need not address the State's second argument.

The Louisiana Supreme Court noted in *State in the Interest of R.D.C., Jr.*, 93-1865, p. 5 (La. 2/28/94), 632 So.2d 745, 749, that in considering what constitutes "good cause," the juvenile judge should be mindful of those situations or causes beyond the control of the State that may impinge on its ability to prepare for a hearing. The juvenile court is vested with broad discretion in determining good cause to continue a delinquency adjudication hearing outside the statutory

_____

[3] Minor specifically "asks this Court to reverse the [juvenile] court's dismissal [since he] never made [] a motion [to dismiss]."

5

time limits. *State in the Interest of T.W.*, 13-1564, p. 6 (La. App. 4 Cir. 5/14/14), 141 So.3d 822, 826-27 (citing *State in the Interest of R.G.,* 06-1625, p. 3 (La. App. 4 Cir. 7/18/07), 963 So.2d 475, 477)).

At the commencement of the adjudication hearing set on December 18, 2023, defense counsel requested that the State not be granted a continuance arguing that "the State of Louisiana . . . [was] holding [Minor] against his will in [the St. Bernard Parish] jail[,] [a]nd so, the inability for [Minor] to be brought to trial [was] entirely within the state's control." In response, the prosecutor noted, "[The State] not only sent over writs, the court sent over writs. We have been in contact with St. Bernard [Parish] to try to get [Minor] sent over," and requested a continuance be granted for good cause so that Minor's attendance could be secured for the adjudication hearing. In addressing the request for a continuance, the juvenile court stated:

> The Court has confirmed that the court in St. Bernard [Parish] and the jail received our writ for today's hearing. It is now 10:39 a.m., and we have been advised that [Minor] has not been brought over. Additionally, the court wants to note that [Minor] is being held on pending adult matters, more specifically, attempted murder in St. Bernard Parish. The Court . . . therefore, will not grant another continuance and will dismiss this matter.

The prosecutor objected to the court's ruling and emphasized the efforts undertaken to secure Minor's attendance at trial: "And also let the record reflect that not only did the court send over writs to St. Bernard [Parish], the State, itself, filed writs [which were] sent over and received by St. Bernard Parish on the 30th of November."

The judgment signed by the juvenile court on December 18, 2023 reflects the steps taken to obtain Minor's attendance at trial:

> This matter was set for TRIAL on today, December 18, 2023. A writ was issued. The court confirmed receipt of service at St. Bernard Parish jail. Further, the [S]tate indicated that they also issued a writ of habeas corpus and has had verbal conversations confirming receipt of the writ for today's date.

The judgment concludes with the following disposition: "Accordingly, noting that St. Bernard Parish has failed comply with the writs to present the defendant and due to the failure of the [S]tate to timely prosecute this matter, the Court now orders this CASE DISMISSED/CLOSED . . . ."

In *State in the Interest of R.W.*, 16-1187 (La. App. 4 Cir. 3/2/17), 213 So.3d 13, the State appealed the juvenile court's dismissal of the delinquency petition on the basis that the defendant was not timely adjudicated. The State argued that the juvenile court abused its discretion in denying the State's second request for a continuance beyond the statutory period when the State's key witnesses, the victim and his mother, failed to appear at trial despite the State's diligent efforts to have them served. *Id.*, 16-1187, p. 1, 213 So.3d at 14. This Court found that the juvenile court did not abuse its discretion and affirmed the juvenile court's dismissal of the delinquency petition. *Id.*, 16-1187, p. 8, 213 So.3d at 18. The Court described the factors considered by the juvenile court in denying the request for continuance:

> In denying the continuance, the [juvenile] court considered that, in addition to the appointment of the special process server, the clerk's office also went through its normal procedures of attempting service upon the witnesses to no avail. Additionally, the State conceded to the court that it had not engaged in any communications with the witnesses during the four months preceding the hearing.

7

*Id.*, 16-1187, p. 4, 213 So.3d at 16. The Court concluded that "[t]here is nothing in the record to suggest that additional time and/or repeated efforts to effectuate service would be successful." *Id.*, 16-1187, p. 7, 213 So.3d at 18.[4]

In *State in the Interest of T.N.*, 09-0431 (La. App. 4 Cir. 11/12/09), 25 So.3d 962, this Court applied both La. C.Cr.P. art. 579 and La. Ch.C. art. 877. In that case, the defendant failed to appear for a hearing because service had not been made. The defendant subsequently appeared in court after the art. 877 time limit expired and moved to dismiss for failure to timely prosecute. *Id.*, 09-0431, p. 2, 25 So.3d at 963. The juvenile court granted the defendant's motion to dismiss, finding that the State did not request a finding of good cause to extend the time period before the deadline expired. *Id.*, 09-0431, p. 3, 25 So.3d at 964.

On appeal, the State did not argue that good cause existed to extend the mandatory time period. Rather, the State argued, for the first time, that the defendant had provided a false address, and that pursuant to La. C.Cr. P. art. 579(A)(2), the failure of the defendant to appear at the hearing interrupted the time limitations for the adjudication hearing.[5] *Id.*, 09-0431, pp. 4-5, 25 So.3d at 964-65. This Court affirmed, finding the State has a heavy burden of justifying a delay in the commencement of adjudication on the basis that the time limits were

---

[4] It is noteworthy that in *R.W.*, the juvenile court, on its own motion, found good cause to extend the statutory time period and reset the trial beyond the ninety-day time limitation when the defendant did not appear on a prior trial setting because he had not been served. *R.W.*, 16-1187, p. 3, 213 So.3d at 15.

[5] La. C.Cr.P. art. 579(A)(2) provides:

> **Art. 579. Interruption of time limitation**
>
> A. The period of limitation established by Article 578 shall be interrupted if:
>     *        *        *        *
> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state . . .

interrupted or suspended and that the State did not carry its burden of proving an interruption of the mandatory time limits set forth in La. Ch.C. art. 877. *Id.*, 09-0431, p. 6, 25 So.3d at 965 (*citing State v. Rome*, 93-1221, p. 3 (La. 1/14/94), 630 So.2d 1284, 1286; *State v. Causey*, 02-1848, p. 5 (La. App. 4 Cir. 4/9/03), 844 So.2d 1076, 1079). Further, the Court found the State made no showing of good cause to extend the time period before the deadline had run and failed to show causes beyond its control to warrant an extension of the adjudication deadline. *Id.*, 09-0431, p. 6, 25 So.3d at 965-66.

In *State in the Interest of J.F.*, unpub., 09-1041 (La. App. 4 Cir. 1/13/10), 2010 WL 8971106, the defendant filed a motion to dismiss pursuant to La. Ch.C. art. 877. The State objected to the motion to dismiss, arguing that the defendant's failure to appear in court on two separate occasions after having received notice interrupted the time limitation. *Id.*, 09-1041, p. 2, 2010 WL 8971106, *1. The juvenile court granted the defendant's motion to dismiss, finding that the adjudication hearing was not commenced within the statutory time frame. *Id.* On appeal, the State argued that the juvenile court erred in finding that the defendant's failure to appear was not good cause to extend the time period for prosecution and that the time limitation for the State to timely commence an adjudication hearing was interrupted by the defendant's failure to appear in court. *Id.*, 09-1041, p. 3, 2010 WL 8971106, *2. Noting that "it [was] undisputed that [the defendant] failed to appear in court on two separate occasions after having received notice" and that "[t]he record also reflect[ed] that the State was not the cause of any delays in [the] proceedings," this Court found that "the circumstances reflected in [the] record constituted good cause to extend the time period set forth in La. Ch.C. art. 877"

9

and that, therefore, the juvenile court erred in granting the defendant's motion to dismiss, and reversed the judgment of the juvenile court. *Id.*

The case *sub judice* is easily distinguishable from *R.W.* and *T.N.* Unlike *R.W.,* the delay was not due to the State's inability to serve a witness; the delay was caused by the failure of the St. Bernard Parish detention facility to comply with the writs to present Minor in court for trial. Further, the State communicated with the detention facility prior to trial to confirm receipt of service of the writ of habeas corpus issued by the State. Unlike *T.N.*, but similar to *J.F.*, the State requested a finding of good cause to extend the time period before the deadline expired and demonstrated sufficient good cause to warrant an extension of the deadline.

We find that the State satisfied its burden of establishing good cause for an extension of the time limitation to hold an adjudication hearing. The failure of Minor to appear at the adjudication hearing was beyond the State's control. Accordingly, we find the juvenile court abused its discretion in refusing to find good cause existed to grant the State's request for a continuance beyond the limitation period and in finding that the State failed to timely commence an adjudication hearing.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we reverse the judgment of the juvenile court dismissing the petition and remand the matter for further proceedings.

**REVERSED AND REMANDED**