STATE OF LOUISIANA IN
THE INTEREST OF F.M.

                    \*          NO. 2024-CA-0599

                    \*

                           COURT OF APPEAL

                    \*

                           FOURTH CIRCUIT

                    \*

                           STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
JUVENILE COURT ORLEANS PARISH
NO. 2022-252-01-DQ-A, SECTION "A"
Honorable Clinton Smith,
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Nakisha Ervin-Knott)

Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney
ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

       COUNSEL FOR STATE/APPELLANT

                                  REVERSED AND REMANDED
                                    **December 4, 2024**

NEK

TFL

RML

The State of Louisiana (the "State") appeals the juvenile court's July 31, 2024 judgment dismissing its delinquency petition. For the following reasons, we reverse the juvenile court's judgment and remand this case back to the juvenile court for further proceedings.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On September 8, 2022, the State filed a screening action against the juvenile, F.M.[1], for aggravated burglary in violation of La. R.S. 14:60 and sexual battery in violation of La. R.S. 14:43.1. F.M. was in the State's custody at the time the action was filed, and the juvenile court conducted a continued custody hearing on September 9, 2022, after which it released F.M. into the custody of his father.

On November 29, 2023, the State filed a delinquency petition officially charging F.M. with the above crimes. Thereafter, the juvenile court attempted to conduct an answer hearing on eight separate occasions. Each time, F.M. was not served, and the hearing had to be reset. The record before us contains multiple notes that the State could not serve F.M. and that defense counsel could not get in contact with his client. On June 7, 2024, defense counsel filed a *Motion to Dismiss*

---

[1] In accordance with La. Ch.C. art. 412, as well as Rules 5-1 and 5-2 of the Uniform Rules of Courts of Appeal, we will refer to the juvenile by his initials.

1

*Petition for Failure to Timely Prosecute*, seeking to dismiss the State's claims pursuant to La. Ch.C. arts. 854, 875, and 877[2]; yet, the juvenile court delayed consideration of the motion in order to allow the State more time to attempt service. Upon discovering that the address contained in the record was not where F.M. resided, the State moved to appoint a special process server. However, when the special process server failed to serve F.M., the juvenile court finally granted defense counsel's motion and dismissed the State's claims. This appeal followed.[3]

## ASSIGNMENTS OF ERROR

The State assigns one error on appeal—the juvenile court erred in dismissing this case prior to serving F.M. and conducting an answer hearing.

## STANDARD OF REVIEW

Typically, an appellate court will apply an abuse of discretion standard to determine whether a juvenile court erred in dismissing a delinquency petition. *State in Interest of S.F.*, 2024-0383, pp. 5-6 (La. App. 4 Cir. 10/7/24), __ So. 3d __, __, 2024 WL 4432247, *4 (citations omitted). However, when the juvenile court misapplies the law, as it did here, the reviewing court will conduct a *de novo* review. *Id*. at p. 6, __ So. 3d at __, 2024 WL 4432247 at *4 (citation omitted).

---

[2] La. Ch.C. art. 854 governs the time limitation in which to conduct an answer hearing. La. Ch.C. art. 877 governs the time limitation in which to conduct an adjudication hearing. La. Ch.C. art. 875 pertains to motions to dismiss.

[3] An unsigned motion for appeal is in the record before us. However, the State orally moved for an appeal at the conclusion of the court's ruling, and the juvenile court noted at the hearing and in its written judgment the State's intention to take an appeal. We find this sufficient to invoke our appellate jurisdiction for the purpose of this expedited appeal. *See State v. Hall*, 2013-0453, p. 4 (La. App. 4 Cir. 10/9/13), 127 So. 3d 30, 34 (finding that a motion for appeal need not be in writing when such a motion is made and granted orally).

**DISCUSSION**

Article 854 of the Louisiana Children's Code requires that a juvenile appear for an answer hearing within fifteen days of the filing of a delinquency petition; however, the juvenile court may extend that period for good cause. La. Ch.C. art. 854(B)-(C). The juvenile court has broad discretion in determining what constitutes "good cause." *See State in Interest of S.F.*, 2024-0383, p. 5, __ So. 3d at __, 2024 WL 4432247 at *4 (quoting *State in Interest of R.W.*, 2016-1187, p. 6 (La. App. 4 Cir. 3/2/17), 213 So. 3d 13, 17). What constitutes "good cause" is a determination that is made on a case-by-case basis. *State in the Interest of L.D.*, 2014-1080, pp. 4-5 (La. 10/15/14), 149 So. 3d 763, 765 (quoting *State in the Interest of R.G.*, 2006-1625, p. 3 (La. App. 4 Cir. 7/18/07), 963 So. 2d 475, 477). Nevertheless, the record must fully support that determination. *Id*. Notably, La. Ch.C. art. 854 does not provide a remedy for the failure to conduct a timely answer hearing. *State in the Interest of S.F.*, 2024-0383, p. 9, __ So. 3d at __, 2024 WL 4432247 at *6. However, our jurisprudence holds that releasing the juvenile from custody, rather than dismissing the charges against him, is the proper remedy for an untimely answer hearing. *Id*. at p. 11, __ So. 3d at __, 2024 WL 4432247 at *6 (citing *State in Interest of L.D.*, 2014-01, p. 10, 139 So. 3d at 685).

We find the present situation mirrors that which occurred in *State in the Interest of G.S.*, 2019-0605 (La. App. 4 Cir. 12/4/19), 287 So. 3d 752. In *G.S.*, the juvenile court dismissed the State's delinquency petition after a year had elapsed without an appearance by the juvenile. *Id*. at pp. 3-4, 287 So. 3d at 755-56. After his arrest, the juvenile had been released into the care of his guardian. *Id*. at p. 2, 287 So. 3d at 755. Thereafter, the State was unable to locate and serve the juvenile, leading to the juvenile court's dismissal of the case *See id*. at pp. 3-4, 287 So. 3d at

3

755-56. On appeal, this Court determined that the juvenile court did not have the authority to dismiss the case under La. Ch.C. art. 877[4] because the juvenile had never appeared to answer the petition. *Id*. at p. 7, 287 So. 3d at 757. In reversing the juvenile court, this Court stated, "[T]he burden in discovering the whereabouts of [a missing juvenile] rests equally on the attorneys in the case as well as the juvenile court judge." *Id*. at p. 14, 287 So. 3d at 762. Ultimately, this Court remanded that case so that the juvenile court could conduct a proper La. Ch.C. art. 854 hearing "focusing on the welfare of [the juvenile] and arriv[ing] at solutions to ensure a proper resolution to [the] delinquency proceeding." *Id*. at pp. 13-14, 287 So. 3d at 762.

Similarly, just this year, this Court reversed and remanded another delinquency case wherein the juvenile court had dismissed a petition prior to instituting proper service on the juvenile and conducting an answer hearing. *See State in Interest of S.F.*, 2024-0383, ___ So. 3d ___, 2024 WL 4432247. Therein, the case was reversed and remanded back to the juvenile court after a finding that the juvenile court did not have authority under La. Ch.C. art. 854 to dismiss the petition. *Id*. at pp. 11-12, ___ So. 3d at ___, 2024 WL 4432247 at *7. Rather, the only proper remedy was for the juvenile court to release the juvenile from custody, which had already happened and rendered the issue moot. *Id*. On remand, the juvenile court was instructed to take the proper procedural steps to determine why the juvenile had not appeared to answer the petition, why he had been removed from the court's jurisdiction, and why he had not reported a change of address. *Id*. at p. 13, ___ So. 3d at ___, 2024 WL 4432247 at *7.

---

[4] Louisiana Children's Code article 877(B) provides that an adjudication hearing must be held within ninety days of the juvenile's answer to the petition.

In line with the above-cited cases, we also find that the juvenile court erred in dismissing the delinquency petition. Article 854 does not provide for the dismissal of the petition. The burden of determining the whereabouts of F.M. falls not only on the State but also on defense counsel and the juvenile court. We find it appropriate for the juvenile court and the parties to continue their efforts in locating F.M.

## DECREE

For the foregoing reasons, we reverse the juvenile court's judgment dismissing the delinquency petition, and we remand this case back to the juvenile court for further proceedings consistent with the guidance in this opinion.

**REVERSED AND REMANDED**