# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA IN THE                                    NO. 2024 KW 0625
INTEREST OF E.K.


                                                            **FEBRUARY 5, 2025**

---

In Re:    E. K., applying for supervisory writs, Juvenile Court,
          Parish of Ascension, No. 24098.

---

**BEFORE:    McCLENDON, C.J., LANIER AND BALFOUR, JJ.**

**WRIT GRANTED.**   If a child is not continued in custody, the
adjudication hearing shall commence within ninety days of the
appearance to answer the petition.  If the hearing has not been
commenced timely, upon motion of the child, the court shall dismiss
the petition.  La. Ch. Code art. 877 (B) & (C).  In the instant
case, the child was not in continued custody, but answered the
petition on February 8, 2024.  An adjudication hearing was not
commenced within ninety days, and on May 31, 2024, E.K. filed an
objection to the hearing and a motion for dismissal under Article
877.  After a hearing on June 5, 2024, the juvenile court denied
the motion and stayed future proceedings. After consideration of
the facts and circumstances presented in this case, the state
failed to meet its burden to make a showing of good cause and to
obtain an extension before the time period expired.  See **State in
the Interest of J.M.**, 2013-2573 (La. 12/9/14), 156 So.3d 1161; see
also **State in the Interest of R.W.**, 2016-1187 (La. App. 4th Cir.
3/2/17), 213 So.3d 13, writ denied, 228 So.3d 1225, 2017-0411 (La.
10/27/17).  Moreover, it is noted that the state previously was
ordered by this court to file a response in this matter, but failed
to do so.  Thus, because the time limitations in Article 877 are
mandatory, the juvenile court's ruling denying E.K.'s motion to
dismiss is reversed, and the delinquency petition filed against
E.K. is dismissed because he was not timely adjudicated.

                            **WIL**
                            **KEB**


      **McClendon, C.J.**, dissents and would issue an order directing
the state to respond to our previous order.  On September 9, 2024,
this court issued an interim order, wherein the State of Louisiana,
through Ricky L. Babin, District Attorney, or his designated
assistant, was ordered to file a response on or before October 11,
2024, addressing the merits of E.K.'s claims urged in his writ
application filed with this court.  However, the state failed to
respond as ordered.  Thus, I would have ordered the state to file
a response to the merits of the claims raised in E.K.'s writ
application, and in the event the state again failed to comply
with this court's order, I would have ordered District Attorney
Ricky L. Babin to appear before this court to show cause why
appropriate sanctions should not be imposed for failure to comply
with this court's order.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
      FOR THE COURT