# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA IN THE
INTEREST OF J.J.

**FEBRUARY 14, 2025**

In Re:   J. J., applying for supervisory writs, Juvenile Court, Parish of Ascension, No. J-24097.

BEFORE:   **WOLFE, MILLER, AND GREENE, JJ.**

**WRIT GRANTED.**   If a child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.  If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.  La. Ch. Code art. 877 (B) & (C).  In the instant case, the child was not in continued custody, but answered the petition on February 8, 2024.  An adjudication hearing was not commenced within ninety days, and on May 22, 2024, J.J. filed an objection to the hearing and a motion for dismissal under Article 877.  After a hearing on June 5, 2024, the juvenile court denied the motion and stayed future proceedings.  After consideration of the facts and circumstances presented in this case, the state failed to meet its burden to make a showing of good cause **on the record** and to obtain an extension before the time period expired.  See **State in the Interest of J.M.**, 2013-2573 (La. 12/9/14), 156 So.3d 1161; see also **State in the Interest of R.W.**, 2016-1187 (La. App. 4th Cir. 3/2/17), 213 So.3d 13, writ denied, 228 So.3d 1225, 2017-0411 (La. 10/27/17).  Additionally, there was no showing that any continuances in this matter were joint motions made by the state and the child.  See **State in the Interest of C.C.H.**, 2021-19 (La. App. 3rd Cir. 5/5/21), 319 So.3d 940.  Moreover, it is noted that the state previously was ordered by this court to file a response in this matter, but failed to do so.  Thus, because the time limitations in Article 877 are mandatory, the juvenile court's ruling denying J.J.'s motion to dismiss is reversed, and the delinquency petition filed against J.J. is dismissed because he was not timely adjudicated.

**SMM**
**HG**

**Wolfe, J.**, dissents.  I would issue an order directing the state to respond to our previous order.  On October 7, 2024, this court issued an interim order, wherein the State of Louisiana, through Ricky L. Babin, District Attorney, or his designated assistant, was ordered to file a response on or before November 5, 2024, addressing the merits of J.J.'s claims urged in his writ application filed with this court.  However, the state failed to respond as ordered.  Thus, I would have ordered the state to file a response to the merits of the claims raised in J.J.'s writ

application, and in the event the state again failed to comply with this court's order, I would have ordered District Attorney Ricky L. Babin to appear before this court to show cause why appropriate sanctions should not be imposed for failure to comply with this court's order.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT